IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COURTNEY HURT,**

    **Petitioner/Defendant,**

**vs.**

**UNITED STATES of AMERICA ,**

    **Respondent/Plaintiff.**

**CIVIL NO. 11-cv-220-DRH**

**CRIMINAL NO. 07-cr-40047**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." After carefully reviewing the motion in the present case and the Court's own records, the Court concludes that petitioner is not entitled to relief, and the motion must be dismissed.

    Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at

1

any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, the petitioner was convicted on July 31, 2007 of possession with intent to distribute a mixture containing cocaine base in violation of 21 U.S.C. § 841(a). On July 25, 2008, petitioner was sentenced to 360 months imprisonment,

8 years supervised release, and was ordered to pay a fine of $1000 and a special assessment of $100. Petitioner appealed his conviction to the Seventh Circuit, which affirmed the decision on November 12, 2009. Petitioner declined to appeal the decision to the U.S. Supreme Court, which he could have done up to 90 days after the Seventh Circuit's judgment. Therefore, for purposes of § 2255, the petitioner's conviction became final on February 10, 2010.

Petitioner filed the instant motion on March 18, 2011. Thus, the petitioner's judgment of conviction was final for over a year prior to the filing of his motion under § 2255. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

Lest petitioner seeks to argue that he is relying on subsection 3 of § 2255 and attempting to use a recent Supreme Court case that newly recognizes his asserted rights, the Court notes that of the caselaw cited by petitioner in both his petition and memorandum of law, the most recent cases were decided in 2005, before petitioner was even sentenced.

Because the instant action is time barred pursuant to 28 U.S.C. § 2255, this motion to vacate, set aside or correct sentence is **DENIED**, and this action is **DISMISSED** with prejudice. The Clerk of Court is instructed to CLOSE THIS CASE.

**IT IS SO ORDERED.**

**DATED: June 16, 2011**

Digitally signed by
David R. Herndon
Date: 2011.06.16
16:24:06 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3