IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COURTNEY HURT**,

**Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

**Defendant.**                                             No. 11-0220-DRH

MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

I. Introduction and Background

Pending before the Court is petitioner Courtney Hurt's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. 1). Hurt's petition contains a slew of arguments regarding ineffective assistance of counsel. Basically, Hurt claims that his attorneys were ineffective during his case-in-chief in trial and during the sentencing phase of his criminal case. Hurt filed a supplement and amendment on August 25, 2011 (Doc. 8). On September 19, 2011, the government responded to the petition (Doc. 10). Hurt filed a reply to the government's response on October 14, 2011 (Doc. 11).

On June 6, 2007, the grand jury indicted Hurt on one count of possession with the intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (*United States v. Hurt*, 07-40047-DRH; Doc. 1). At the time of Hurt's arraignment, June 11, 2007, Magistrate Judge Philip M. Frazier

granted Hurt's request for counsel and appointed the Federal Public Defender to represented Hurt (*Hurt*, Docs. 6 & 9). Assistant Public Defender Judith Kuenneke represented Hurt during the arraignment. This matter was set for trial on July 30, 2007. Thereafter on June 12, 2007, Assistant Public Defender Daniel Cronin entered his appearance on behalf of Hurt (*Hurt*, Doc. 12).

On June 18, 2007, the government filed an information pursuant to 21 U.S.C. 851, to establish prior conviction (Doc. 16). On July 3, 2007 and July 5, 2007, Hurt filed a motion to continue trial and to supplement trial continuance. The Court denied the motion finding that Hurt and his counsel had sufficient time to prepare for trial based on the charges contained in the indictment (*Hurt*, Doc. 20). Shortly thereafter, Hurt, by and through his counsel, filed many pretrial motions: motion to permit examination and extrinsic evidence regarding bias of government witnesses involved in drug trafficking (*Hurt*, Doc. 23); motion for voir dire of law enforcement officers offered as expert witnesses (*Hurt*, Doc. 25); motion in limine to exclude evidence of, references to and questions regarding defendant's prior convictions, arrests, and criminal conduct (*Hurt*, Doc. 27); motion in limine to exclude prior statements of individuals arrested in connection with Courtney Hurt's alleged offense (*Hurt*, Doc. 36); motion in limine to exclude statement of Courtney Hurt the arrest scene (*Hurt*, Doc. 40); and a motion in limine to exclude expert testimony of law enforcement officers (*Hurt*, Doc. 42).

On July 30, 2007, prior to the commencement of trial, the Court held a hearing on the motions and orally ruled from the bench (*Hurt*, Doc. 50). On July 31,

2007, the jury found Hurt guilty of the charges contained in the indictment (*Hurt*, Docs. 51, 52 & 53). The Court set the matter for sentencing on December 14, 2007.

After trial, Hurt, by and through counsel, filed a motion for new trial which the Court denied on September 24, 2007 (*Hurt*, Doc. 62). On November 13, 2007, Assistant Public Defender Renee Schooley entered her appearance on behalf of Hurt replacing Mr. Cronin. That same day, Hurt, pro se, filed another motion for new trial (*Hurt*, Doc. 66). The Court denied that motion as untimely the next day (*Hurt*, Doc. 67). On November 20, 2007, Ms. Schooley moved to withdraw as counsel for Hurt (*Hurt*, Doc. 70) and the Court granted the motion and appointed attorney John D. Stobbs to represent Hurt (*Hurt*, Doc. 71).

On December 4, 2007, the Court continued the sentencing to March 21, 2008 (*Hurt*, Doc. 75). On March 10, 2008, Hurt, by and through counsel, filed objections to the Pre-Sentence Investigation Report (*Hurt*, Doc. 76). On March 12, 2008, the Court continued the sentencing to May 16, 2008 (*Hurt*, Doc. 78). On May 5, 2008, Hurt, by and through counsel, filed another motion for new trial and another motion to continue sentencing (*Hurt*, Docs. 81 & 82). The Court granted the motion to continue and set the sentencing for June 6, 2008 (*Hurt*, Doc. 83). Further, the Court denied the motion for new trial (*Hurt*, Doc. 85). On May 13, 2008, the Court received a letter from Hurt which the Court construed as a motion for new counsel (*Hurt*, Doc. 86). Based on the letter, Stobbs filed a motion to determine status of representation (*Hurt*, Doc. 87). On May 23, 2008, the Court held a hearing on the motions, granted the motions and appointed attorney Grant Shostak as counsel for Hurt (*Hurt*, Docs.

90 & 91). Thereafter, the Court continued the sentencing to July 25, 2008 (*Hurt*, Doc. 93).

Prior to sentencing, Hurt, by and through counsel, filed a sentencing memorandum (*Hurt*, Doc. 96). On July 25, 2008, the Court sentenced Hurt to 360 months imprisonment (*Hurt*, Docs. 98, 102 & 102). On August 1, 2008, Hurt appealed his sentence (*Hurt,* Doc. 97). The Seventh Circuit Court of Appeals appointed attorney Jason Huber to represent Hurt (*Hurt*, Doc. 110). On November 12, 2009, the Seventh Circuit issued its mandate affirming Hurt's conviction and sentence (*Hurt*, Doc. 127).[1] *United States v. Hurt*, 574 F.3d 439 (7th Cir. 2009). The Supreme Court denied Hurt's application for writ of certiorari on March 22, 2010. *Hurt v. United States*, 130 S.Ct. 1923 (2010).

Thereafter, Hurt, *pro se*, timely filed his § 2255 petition (Doc. 1). Hurt claims that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Specifically, Hurt contends that counsel did not research or investigate certain issues relevant to trial, sentencing or the case-in-chief. He also maintains that he was denied the benefit of the Full Faith and Credit Clause via being actual innocent of the career offender as he was neither on parole nor probation or any continuing livelihood pursuant to such convictions and that he suffers from prosecutorial misconduct as he is suffering from an illegal sentence.

---

[1] On appeal, Hurt raised the following issues: (1) whether the district court erred by allowing officers to testify without the appropriate procedural safeguards that would have distinguished between what was asserted as a fact witness and what was an expert opinion and (2) whether the district court erroneously presumed that any sentence within the guideline range was reasonable.

## II. Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage

of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989). As will be seen, Hurt's allegations are unsupported by the record; subsequently, the Court sees no reason

to hold an evidentiary hearing on the issues he raises.

### III. Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a

"Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland*, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

His gripes of ineffective assistance of counsel range from failing to attack grand jury findings, failure to file for a suppression hearing, failure to object at the trial to the many errors that occurred such as two agents testified to a so-called volunteered statement that petitioner never gave or never signed, failed to question the prosecution first witness who testified to hearsay evidence, refused to call reliable witnesses in support of his claim that he was not selling drugs but using them, by failing to object to the informant, failing to object to first witness's hearsay and by allowing the same witness to testify and not question the witness about the dog sniffing.[2]

As to the suppression motion argument, the Court finds this argument lacks merit. In his initial memorandum, Hurt does not identify which evidence should have been suppressed and how such evidence was unlawfully obtained. The Court notes that his counsel did file a motion in limine regarding the statement that Hurt

---

[2]The Court notes that Hurt does not fully develop these issues in his initial memorandum.

gave when he was arrested. After consideration of the parties' argument on the motion in limine, the Court orally denied Hurt's motion. In his supplemental and amendment to his § 2255 petition (the one filed before the government responded to the § 2255 petition), Hurt argues that counsel was ineffective for not requesting a suppression hearing as it was well established that "Hurt was not one of the suspects in the car pulled over by the police but instead that Hurt was in front of the residence of Mr. Gary Williams, merely wiping down his vehicle when police decided that he too would be searched by them." Thus, Hurt contends that the search of him was not valid. The Court does not agree with Hurt.

Based on the circumstances of the case, it would have been frivolous for Hurt's counsel to file a suppression motion as the police officers had probable cause to search and arrest Hurt based on the police officer's own surveillance of the incident. As stated by the Court in its Order denying the motion for new trial, the evidence is not how Hurt suggest it is. A witness testified that she gave Demetrius Powell $20 for crack cocaine, that Powell went to the pick up truck (where the officers testified that Hurt was seated and the officers saw Hurt sitting in the car as the officers had set up surveillance of Hurt and Powell) and then returned with the crack cocaine. The evidence at trial clearly established that the officers found crack cocaine and money in Hurt's hand and front pocket. Police also found ten individually wrapped packages of heroin in Hurt's front pocket. According to trial testimony, Hurt confessed that he was providing crack cocaine to Powell, that Powell would sell the crack cocaine and Powell would give Hurt the money. When arrested, Hurt had $265

on him and Powell had $2.55 on him. Obviously, a suppression motion would have been frivolous.

Also, peppered throughout his ineffective assistance of counsel claims are assertions that counsel failed to investigate facts or witnesses pertinent to the case and failed to investigate sentencing issues. Yet, Hurt fails to identify what further investigation into facts, witnesses or issues would have produced except to state that Alfred Williams, Gary Williams, Eddie Clark and Demetris Powell were all willing to testify as trial as to where the drugs came from and to whom they belonged.

As noted by the Seventh Circuit, "when a petitioner alleges counsel's failure to investigate resulted in ineffective assistance, that petitioner has the burden of providing the Court with specific information as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). Indeed, a petitioner must present "a comprehensive showing as to what the investigation would have produced." *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990). Defense counsel need not "track down every lead or must personally investigate every evidentiary possibility before choosing a defense and developing it." *Sullivan v. Fairman,* 819 F.2d 1382, 1392 (7th Cir. 1987). Furthermore, acts or omissions of an attorney that may be classified as trial tactics cannot be considered by a court in evaluating an ineffective assistance of counsel claim. *See United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir. 1997).

Here, Hurt fails to identify any exonerating facts or witnesses, let alone make a "comprehensive showing." Additionally, even if counsel had included additional

facts and witness testimony, the case against Hurt was so strong – given the various things found in Hurt's possession at the time of the arrest, his confession to the police, the testimony of the officers and witnesses involved as to Hurt's conduct - that the Court is hard-pressed to imagine how the alleged deficiency in counsel's performance could have prejudiced the case against Hurt.

Next, Hurt claims that counsel failed to object to certain testimony as hearsay during the trial. Once again, Hurt failed to specify what testimony or how his attorney's alleged failure affected the outcome of the trial. In any event, Hurt's attorney did cross examine almost all of the witnesses at trial except for the first witness Master Sergeant Chad Brown. In addition, in the motion for judgment of acquittal, Hurt's trial counsel challenged the sufficiency of evidence and the Court denied the motion.

In the instant case, the Court cannot say that Hurts' counsels' performances significantly prejudiced him or that his counsels' representations fell below an objective standard of reasonableness. Contrary to Hurt's assertions now, his counsels did file many motions prior to trial, motions for new trial, objections to the PSR and a sentencing memorandum. Furthermore, his counsel did make objections to the prosecution's questions and the evidence presented at trial, his counsel and the Court questioned him about his right to testify and to present evidence. Thus, Hurts' counsels cannot be faulted for failing to raise an issue which they did, in fact, raise.

As to Hurt's arguments regarding the career offender enhancement, "Nugotory

Judgments," prosecutorial misconduct and the illegal sentence, the Court finds that these should be addressed together. To the degree that petitioner takes issue with this Court's decision to sentence him as a career offender, his challenge is barred by his failure to raise the matter on direct appeal. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), However, even if petitioner's challenge had been properly before the Court, it would not succeed as it rests on a misunderstanding of the relevant law.

Under the sentencing guidelines, a defendant is considered a career offender if (1) he was at least eighteen years old at the time he committed the offense for which he is being sentenced; (2) the present offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B 1.1(a). In his petition, Hurt states: "[p]etitoner would submit that petitioner has three (3) prior convictions for drug offense..." Nevertheless, he asserts the "judgments from these prior convictions could never survive the expiration of there [sic] limitation via making petitioner suffered a SECOND-LEGAL-COLLATERAL-CONSEQUENCE FOR A VOID JUDGMENT." Hurt's argument does not make sense.

Nevertheless, prior to his sentencing, Hurt, by and through counsel, filed a sentencing memorandum regarding the PSR's recommendation that the career offender enhancement in Sentencing Guideline § 4B1.1 applied. Specifically, defendant argued that the sentence within the range prescribed by the career offender guideline is greater than necessary to advance the goals of punishment articulated by

18 U.S.C. § 3553(a).  At sentencing, the Court carefully considered the defendant's sentencing memorandum under the applicable law and issued a sentence the Court found to be proper under the factors set forth in 18 U.S.C. § 3553(a).  Here, petitioner has presented no arguments or evidence that show the Court erred in finding him a career offender under Sentencing Guideline § 4B1.1.

Insofar as Hurt argues that his rights were violated when his sentenced was enhanced by factors not presented to the jury nor admitted by him, the Court finds that this is not part of his ineffective assistance of counsel claim.  He did not bring it up on appeal and He has not shown reason why it should be properly before the Court on collateral review.  Hurt also argues that his attorney should have investigated and researched his prior convictions and brought this matter to the Court.  Hurt maintains that if this was done, he would not have been sentenced as a career offender.  Although petitioner has framed this in terms of his lawyer's alleged ineffectiveness, he is really restating his challenge to the Court's sentencing calculation.  Even so, Hurt admits that he committed the prior crimes upon which his career offender enhancement rests.  Thus, he neither can show a deficient performance by his attorney nor can show that he was prejudiced by his attorney's alleged errors.  As discussed above, the Court properly examined Hurt's prior convictions and found him to be a career offender.  No matter how thoroughly counsel investigated the prior convictions, he could not have changed their application or their effect on his sentence.

Lastly, in his August 25, 2011 supplement (Doc. 8) and reply brief (Doc.11),

Hurt raises the argument that counsel did not allow him to testify on his own behalf at trial and that blocked a defense of lesser included offense. To the extent that Hurt is arguing that the waiver of his right to testify was not knowing, intelligent and voluntary, *Brewer v. Williams*, 430 U.S. 387, 404 (1997), Hurt failed to raise this on direct appeal to the Seventh Circuit. He shows no cause for this failure. Thus, the issue of his waiver of the right to testify is, therefore, not proper in his § 2255 motion. *See Bousley v. United States*, 523 U.S. 614 (1998). Moreover, Hurt has failed to provide any authority to the contrary. The Court notes the total lack of evidentiary support furnished by Hurt for his allegations that his attorney would not allow him to testify. It is also worth noting that the Court questioned Hurt about neither testifying nor presenting any evidence in his case. The following conversation took place:

> THE COURT: Let the record reflect that we're in open court. The jury is not in the courtroom. Mr. Cronin, you have something you want to put on the record?
> MR. CRONIN: Yes. Thank you, Your Honor. After discussing the matter with Courtney Hurt, we've decided not to present any case, Your Honor, and wanted to advise the Court of that fact.
> THE COURT: Okay. Mr. Hurt, did the lawyer talked with you about your right to testify?
> THE DEFENDANT: Yes, sir.
> THE COURT: You've been through that with him?
> THE DEFENDANT: Yes.
> THE COURT: I just wanted to confirm that. Okay. So we'll – if everybody will stick around we'll go ahead and go through the jury instructions and then get that over with. Thanks.

(Trial Transcript. July 31, 2007, pg. 102).

To the extent that Hurt is arguing that his attorney's advice on whether to

testify was incorrect and blocked his lesser included defense, he has entirely failed to support such a claim and again failed to raise this on appeal. Significantly, Hurt has not shown that not testifying had an adverse effect on his defense. In fact, the Court, over the government's objection, instructed the jury on the lesser included offense. During the conference the Court stated:

> "Court's giving the lesser included offense because the Court has determined that if the jury – - we have two issues here for the lesser included offense: If the jury does not believe for some reason that the Defendant confessed to the police officers and does not believe that Mr. Powell was associated with the Defendant in his going back and forth to deal the drugs, those both being fact issues, then the jury could find the lesser included offense of possession, so that's why the Court is giving the lesser included offense instruction which was tendered by the Defendant. Another way of putting it is, the Court believes that the jury does not necessarily have to believe the witnesses' testimony relative to the sale, that the Defendant being part and parcel to the sale."

(Trial Transcript, July 31, 2007, pgs. 104-105). Clearly, Hurt was allowed to pursue his lesser included defense and the jury was instructed on the same. Furthermore, the record contained ample evidence of Hurt's guilt and the jury found the same.

In his reply brief in support of his motion under § 2255, Hurt appears to set forth further background and raises additional challenges to his conviction. To the extent that these arguments are comprehensible, the Court need not consider them because arguments raised for the first time in a reply – even by a party proceeding *pro se-* are waived. *See, e.g., Hinshaw v. United States*, 2010 WL 569948, at *1 (N.D. Ill. 2010); *United States ex rel. Lash v. Cooper*, 952 F.Supp. 1245, 1253 (N.D. Ill. 1996)(citing *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Additionally,

none of the additional claims have merit.

The Court finds that Hurt's claims that his counsel were ineffective are without merit. His assertions (which are neither true nor supported by the record) that his counsel were ineffective are insufficient basis to grant him the relief which he seeks. The Court concludes that Hurt's attorneys were not ineffective in representing him in this criminal matter. In fact, the Court finds that their actions were reasonable and sound in light of the facts and circumstances.

Hurt's sentence is a long one and it is understandable that he finds it harsh. Nevertheless, it is legal. He has not shown that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255. Thus, the Court rejects Hurt's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Hurt's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate

of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## IV. Conclusion

Accordingly, the Court **DENIES** Courtney Hurt's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody and the supplements to the petition. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed this 12th day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.12 16:32:19 -05'00'

**Chief Judge
United States District Court**